# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID JIMENEZ,

      Plaintiff,

v.                              Case No. 8:24-cv-00381-SDM-UAM

T.R. PETERS, et al,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS

I recommend that Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 2) be denied, and that his Complaint (Doc. 1) be dismissed without leave to amend.

Plaintiff filed this action against the State of Florida, and against two retired state-court judges, the Honorable T.R. Peters ("Judge Peters") and the Honorable Nancy Moe Ley ("Judge Ley"). Compl. (Doc. 1). All of Plaintiff's claims relate to his November 2013 state-court trial, which resulted in his conviction for scheming to defraud, providing a false name to law enforcement, and unlawfully using personal identification information. Plaintiff, who is not represented by a lawyer, seeks to bring this lawsuit without pre-paying the filing fee. Doc. 2.

## I.    Background

This is not Plaintiff's first federal lawsuit attacking his 2013 trial and convictions. While incarcerated for those convictions, Plaintiff twice petitioned for a writ of habeas corpus. *See Jimenez v. Secretary, Department of Corrections et al (Pinellas County)*, 8:19-cv-00684-MSS-AEP (M.D. Fla. 2019) ("*Jimenez I*"), Doc. 6, p. 1.; *Jimenez v. State of Florida*, 8:23-cv-00306-MSS-TGW (M.D. Fla. 2023) ("*Jimenez II*"), Doc. 1. In each case, the Court denied his request for a writ. *Jimenez I*, Doc. 57; *Jimenez II*, Doc. 2.

Also, while incarcerated, Plaintiff brought complaints against the State of Florida, alleging civil rights violations. *See, e.g., Jimenez v. State of Florida*, 8:19-cv-2278-WFJ-CPT (M.D. Fla. 2019) ("*Jimenez III*"), Doc. 1; *Jimenez v. State of Florida et al*, 8:20-cv-01522-CEH-AAS ("M.D. Fla. 2020) ("*Jimenez IV*"), Doc. 1; *Jimenez v State of Florida*, 8:20-cv-02767-KKM-AEP ("M.D. Fla. 2020) ("*Jimenez V*"), Doc. 1.  Two of those lawsuits were dismissed pursuant to 28 U.S.C. § 1915(g), which provides that, after three of a prisoner's lawsuits have been dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted, the prisoner can no longer proceed in forma pauperis. *Jimenez III*, Doc. 3; *Jimenez IV*, Doc. 7. The Court dismissed another of Plaintiff's lawsuits, brought pursuant to a 42 U.S.C. § 1983, after explaining that the proper vehicle to challenge Plaintiff's incarceration in federal court

was a petition for a Writ of Habeas Corpus, rather than a section 1983 action. *Jimenez V*, Doc. 6.

In August 2023, following his release from prison, Plaintiff filed two cases against Judge Peters, Judge Ley, and the State of Florida. *See Jimenez v. State of Florida, et al.*, No. 8:23-cv-1753-SDM-TGW (M.D. Fla. 2023) ("*Jimenez VI*"), Doc. 1; *Jimenez v. State of Florida*, 8:23-cv-1936-KKM-SPF (M.D. Fla. 2023) ("*Jimenez VII*"), Doc. 1. Plaintiff complained about each judge's handling of his state court case. *Jimenez VI*, Doc. 1; *Jimenez VII*, Doc. 1. The Court dismissed those Complaints. *Jimenez VI*, Docs. 6, 7; *Jimenez VII*, Docs. 6, 12.

In *Jimenez VI*, the Court dismissed Plaintiff's complaint without prejudice after finding that (1) Plaintiff's claim was barred by the *Rooker-Feldman* doctrine, which prohibits lower federal courts from overturning state court judgments; (2) Plaintiff's claims were barred by Judge Peters' and Judge Ley's immunity from damages for actions taken within their judicial roles; and (3) Plaintiff's complaint failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *Jimenez VI*, Docs. 6, 7.

In *Jimenez VII*, the Court dismissed Plaintiff's Complaint with prejudice, finding that (1) Plaintiff's claims against Judges Peters and Ley were barred by judicial immunity, (2) Plaintiff's claims were barred by the *Rooker-Feldman* doctrine, (3) Plaintiff was required to challenge his state criminal conviction

through a 28 U.S.C. § 2254 action, which he had already made (and lost), (4) Plaintiff's claims against the State of Florida were barred by the Eleventh Amendment, (5) Plaintiff's Complaint was an impermissible shotgun pleading, and (6) Plaintiff repeatedly failed to comply with the Court's orders, which warranted the sanction of dismissal. *Jimenez VII*, Doc. 12.

In this case, Plaintiff again sues Judge Peters, Judge Ley, and the State of Florida. Compl. (Doc. 1). Plaintiff reprises the allegations he made in his two most recent complaints. *Compare, e.g., Jimenez VII*, Doc. 1, pp. 1-8 with Compl. (Doc. 1), at pp. 4-12.

## II.   Standard of Review/Applicable Law

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff describe what a defendant did that violated the law a plaintiff claims he violated. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard in Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Conclusions and characterizations of

conduct are insufficient; a complaint must allege enough facts to show that each element of an offense is satisfied. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). The allegations in the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). In addition, Rule 10 requires that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b).

Finally, independent of the Court's duty under section 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that subject matter jurisdiction exists. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

### III.   Analysis

Plaintiff's Amended Complaint fails to conform to the pleading standards in Rules 8 and 10 of the Federal Rules of Civil Procedure. It does not enumerate claims or provide within each claim a short and plain statement of the facts supporting it. This failure independently warrants dismissal of the Amended Complaint.

But, Plaintiff's Amended Complaint also fails for reasons that cannot be cured by amendment. Liberally construing the Amended Complaint, Plaintiff appears to bring criminal fraud, civil fraud, and section 1983 claims against Judge Peters, Judge Ley, and the State of Florida, for the handling of his state court cases.[1] But Plaintiff's claims are barred by res judicata and the *Rooker-Feldman* Doctrine. And Plaintiff's claims fail for the additional and independently sufficient reason that Defendants are immune from them.

A.    <u>Res Judicata Bars Plaintiff's Action.</u>

The dismissal with prejudice of Plaintiff's complaint in *Jimenez VII* bars his claims here. Res judicata bars a lawsuit that relitigates matters that were litigated or could have been litigated in an earlier lawsuit. *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003) (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986)). Four elements are required for res judicata to bar a subsequent claim: "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." *I.A. Durbin*, 793 F.2d at 1549. When established, res judicata justifies the

---

[1] When a plaintiff fails to identify the law under which he brings suit, the Court, in affording pro se litigants wide latitude, may use common sense to ascertain the violations alleged. *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992).

dismissal of an action as frivolous. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990). Because Plaintiff's claims satisfy each of these four elements, res judicata bars Plaintiff's claims in this case.

First, res judicata applies if a final judgment on the merits has been issued. In *Jimenez VII*, the Court dismissed Plaintiff's claims with prejudice. *Jimenez VII*, Doc. 12, at pp. 3-4. This was a final judgment on the merits. *Hughes*, 350 F.3d at 1162 (concluding "[section] 1915 dismissals with prejudice [] have a res judicata effect on future in forma pauperis petitions."); *see also* FED. R. CIV. P. 41(b) ("any dismissal . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). The first element of res judicata is satisfied.

Second, the prior decision must have been rendered by a court of competent jurisdiction. "[A] court of competent jurisdiction is a court with a grant of subject-matter jurisdiction covering the case before it." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 92 (2017). Here, the order dismissing *Jimenez VII* was made by this Court, which has subject matter jurisdiction over cases alleging violations of federal law. 28 U.S.C. § 1331. Plaintiff brought claims under federal statutes. The second element of res judicata is satisfied.

Third, the parties to the prior suit must have been identical to (or in privity with) those here. The parties in this case are identical to those in

*Jimenez VII*. *Jimenez VII*, Doc. 1. Because the prior case involved the parties named here, the third element is satisfied.

Finally, res judicata requires that the cause of action be the same in the present suit as in the prior one. Plaintiff makes the same allegations in this case as he did in *Jimenez VII*; in fact, eight pages of his twelve-page Complaint are an exact copy of his *Jimenez VII* complaint, with the date crossed out and a more recent date added.[2] *Compare Jimenez VII*, Doc. 1, pp. 1-8 with Compl. (Doc. 1), at pp. 4-12; *see also Jimenez VII*, Doc. 6, p. 1 ("In his Complaint, Plaintiff essentially seeks to overturn his state-court conviction. From what can be discerned, Plaintiff primarily takes issue with the manner in which certain evidentiary matters were handled at his state-court trial."). Thus, the final element of res judicata is met.

Res judicata applies and justifies dismissal of all Plaintiff's claims as frivolous.

### B.   The *Rooker-Feldman* Doctrine Bars Plaintiff's Claims.

The *Rooker–Feldman* Doctrine also bars Plaintiff's claims. The doctrine provides that federal courts, with the exception of the United States Supreme Court, have no authority to review the final judgments of state courts. *Siegel*

---

[2] The additional four pages in the present Complaint do not add claims but, rather, summarize his claims and damages, and plead for relief. Compl. (Doc. 1), pp. 1-4.

*v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc). The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff asks this Court to "take away [the state court] conviction" by reversing the presiding judges' evidentiary rulings, and finding error in the actions of the judges, prosecutors, and witnesses. Compl. (Doc. 1) at pp. 1-3. Plaintiff's action falls squarely within the *Rooker-Feldman* doctrine.

Federal Courts can entertain applications for writs of habeas corpus by persons who claim they are in state custody in violation of the laws or Constitution of the United States. *See* 28 U.S.C. § 2254. However, Plaintiff is no longer in custody. And, when he was in custody, the Court found no basis for his assertion that his confinement violated federal law. *See Jimenez I*, Doc. 57. Now Plaintiff asks this Court to act as a state appellate court. The *Rooker-Feldman* Doctrine prohibits this Court from doing so and compels dismissal of Plaintiff's claims.

C.    <u>The Eleventh Amendment Bars Plaintiff's Claims against the State of Florida.</u>

The Eleventh Amendment bars Plaintiff's claims against the State of Florida. The Court has difficulty discerning exactly what claims Plaintiff intends to assert against the State of Florida. But, liberally construed, Plaintiff's complaint may include claims pursuant to 42 U.S.C. § 1983, for abridging his right to procedural due process by the state court allegedly presiding over matters not properly before it and improperly admitting evidence, and by the state attorney's office allegedly bringing an unjust prosecution and presenting fraudulent witnesses and improper evidence. Compl. (Doc. 1) at p. 1 (referencing lack of jurisdiction), p. 2 (referencing prosecutorial misconduct and presentation of fraudulent witnesses), p. 6 ("Violates due process when the issues is not properly before the court" and admission of evidence), and p. 7 (referencing admission of evidence, improper prosecution, jury confusion, and due process violations).

The Eleventh Amendment generally serves as a jurisdictional bar to suing a state in federal court. *Pennhurst State Sch. Et Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Employees v. Missouri Dep't of Public Health and Welfare*, 411 U.S. 279, 280 (1973)). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Even though the Amendment expressly refers only to suits by citizens of another state or country, the immunity prevents a citizen from bringing suit against even his own State in federal court. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987). The immunity afforded to states also extends to state agencies and state entities functioning as arms of the state, such as a state court or the state attorneys' office. *Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012); *Badillo v. Thorpe*, 158 F. App'x 208, 213 (11th Cir. 2005) (concluding the "state courts system . . . as a component of the judicial branch, is a state agency").

Nonetheless, there are exceptions to Eleventh Amendment immunity. *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). First, a state may expressly waive its immunity. *Pennhurst*, 465 U.S. at 99. Second, Congress can abrogate the immunity pursuant to Section Five of the Fourteenth Amendment. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238 (1985). And, third, a party may sue for prospective injunctive relief in "a suit challenging the constitutionality of a state official's action." *Pennhurst*, 465 U.S. at 102 (discussing *Ex Parte Young*, 209 U.S. 123 (1908)).

Turning to the first exception, Florida has expressly waived, through legislation, its immunity in certain actions:

> Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of [his] office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.

§ 768.28(1), Fla. Stat. The statute specifies that the waiver of immunity does not extend to "the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a).

Section 768.28 of the Florida Statues "was intended to render the state and its agencies liable for damages for traditional torts under state law, but to exclude such liability for 'constitutional torts.'" *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986). Constitutional torts are actions that allege a violation of one's constitutional rights by a government actor. *Monroe v. Pape*, 365 U.S. 167, 196 (1961) (categorizing these actions as akin to a traditional tort), *overruled by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

By definition, section 1983 claims allege that a state actor deprived an individual "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. If Plaintiff's section 1983 claim is based on the allegation that the State of Florida abridged his right to constitutional due process, it would be a constitutional tort. Florida has not waived its immunity against constitutional torts like Plaintiff's section 1983 claims. *Gamble*, 779 F.2d at 1515. So, no affirmative state waiver undermines the Eleventh Amendment's bar to the section 1983 claim against the state. The first exception to Eleventh Amendment immunity does not apply to Plaintiff's claims against the State of Florida.

As to the second exception to Eleventh Amendment immunity, Congress has not abrogated Eleventh Amendment immunity in section 1983 cases. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, Congress has not undermined the Eleventh Amendment's bar to Plaintiff's claims against the State of Florida.

The final exception to Eleventh Amendment immunity applies when a party seeks prospective injunctive relief prohibiting an unconstitutional act by a state official. *Ex Parte Young*, 209 U.S. at 159-60. This exception does not apply to claims against the State of Florida, but only to claims against individuals. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that *Ex parte Young* exception to

14

sovereign immunity is "narrow" and that it "has no application in suits against the States and their agencies, which are barred regardless of the relief sought").

In sum, no exception applies, and the Eleventh Amendment divests the Court of subject matter jurisdiction over Plaintiff's claims against the State of Florida. *Welch*, 483 U.S. at 472 (holding the Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state). For this reason, the Court lacks jurisdiction over Plaintiff's claims against the state, and I recommend they be dismissed.

> D.   Judicial Immunity Bars Plaintiff's Claims against Judge Ley and Judge Peters.

Plaintiff appears to bring claims against Judge Peters and Judge Ley, for the manner in which they presided over Plaintiff's cases. Compl. (Doc. 1) at pp. 1-2. But Judge Peters and Judge Ley are entitled to absolute immunity for these acts. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). This immunity applies to "judicial acts regardless of whether [the judge] made a mistake, acted maliciously, or exceeded his authority." *Id.* at 1331. Here, Plaintiff challenges actions that Judge Peters

and Judge Ley performed in their capacity as judges. The immunity applies, and these claims fail.

## IV.   Conclusion

Each of Plaintiff's claims is barred by res judicata and the *Rooker-Feldman* doctrine. In addition, the Eleventh Amendment protects the State of Florida from Plaintiff's claims, as judicial immunity does Judges Peters and Ley.

Given Plaintiff's prior attempts to bring these claims and the fundamental flaws on which they are based, I find that further amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment [] where there has been . . . repeated failure to cure deficiencies by amendments previously allowed . . . or . . . where amendment would be futile.")

I **RECOMMEND**:

(1)    Plaintiff's motion to proceed in forma pauperis (Doc. 2) be DENIED without leave to amend;

(2)    Plaintiff's claims be DISMISSED without leave to amend.

REPORTED on April 10, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.