UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID JIMENEZ,

    Plaintiff,

v.                                                         CASE NO. 8:24-cv-381-SDM-UAM

T.R. PETERS, et al.,

    Defendants.
_____/

**ORDER**

    David Jimenez, appearing *pro se*, sues Florida and sues "T.R. Peters" and "Nancy Moe Ley," Florida judges in Pinellas County. The complaint is (at best) opaque, but Jimenez appears to allege that some misconduct or allegedly incorrect decision occurred during a 2013 Florida criminal trial that resulted in Jimenez's conviction and incarceration. (This is at least the third action in which Jimenez asserts against these defendants an indistinct claim premised on the 2013 trial; orders in the earlier actions dismissed Jimenez's claims.)[1] Jimenez moves (Doc. 2) to proceed *in forma pauperis*. In a thorough report, the magistrate judge recommends (Doc. 6) denying the motion and dismissing the complaint with prejudice. Apparently in response to the report and recommendation, Jimenez submits three papers comprising

---

[1] *Jimenez v. Florida*, 8:23-cv-01753-SDM-TGW (M.D. Fla.); *Jimenez v. Florida*, 8:23-cv-01936-KKM-SPF (M.D. Fla.) (dismissing with prejudice Jimenez's claim).

out-of-context and immaterial statements and pictures not obviously connected to any claim in this action.

As the magistrate judge explains, the Florida judges enjoy "absolute immunity from suit for judicial acts performed within the jurisdiction of [the] court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). Jimenez can assert no claim based on the actions of the Florida judges during the 2013 trial. Also, except for specific circumstances absent from this action, the Eleventh Amendment to the United States Constitution prevents Jimenez from asserting any claim against Florida. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472–74 (1987). In any event, because an order in an earlier action dismisses Jimenez's claim with prejudice and because Jimenez appears to challenge a decision in a Florida court, Jimenez's claims are barred by *res judicata*.

A *de novo* review of the magistrate judge's report reveals no error.[2] For the reasons stated in this order and in the magistrate judge's report, the report and recommendation (Doc. 6) is **ADOPTED**. The motion (Doc. 2) to proceed *in forma pauperis* is **DENIED**. The complaint is **DISMISSED WITH PREJUDICE** because any amendment is futile and because this action is frivolous. Jimenez's motions (Docs. 4 and 5) to "supplement the record" are **DENIED AS MOOT**. Jimenez is **WARNED** that his continuing to file frivolous actions based on earlier dismissed claims will

---

[2] The papers that Jimenez submitted apparently in response to the magistrate judge's report are generously construed as an objection. But because a *de novo* review reveals no error, the objection is **OVERRULED**.

likely result in a sanction, including an order enjoining Jimenez from filing an action unless a member who is in good standing with The Florida Bar and who is eligible to practice in the Middle District of Florida signs Jimenez's pleading or paper.

ORDERED in Tampa, Florida, on May 14, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE